Judge Berman

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

07 CV 3630

-----------------------------------------------------------------------X   Case No.

DWIGHT MONROE, on behalf of himself individually
and all others similarly situated

ECF CASE

Plaintiff,

-against-

**CLASS ACTION**
**COMPLAINT**

TOTAL CREDIT RECOVERY USA GROUP, INC

Defendant.

MAY 0 8 2007

-----------------------------------------------------------------------X

Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon knowledge

as to himself and his own acts, and as to all other matters upon information and belief, brings this

complaint against the above-named defendant and in support thereof alleges the following:

## INTRODUCTION

1.      This is an action for damages brought by an individual consumer and on

behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"),

15 U.S.C. § 1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and

unfair acts and practices.

## PARTIES

2 .      Plaintiff is a natural person residing in the County of Bronx, City and State

of New York and is a consumer as defined by the FDCPA.

-1-

3.    Upon information and belief, defendant is a debt collector, as defined pursuant to 15 U.S.C. § 1692a (6), with its principal place of business in Rockville, Maryland.

### JURISDICTION AND VENUE

4.    This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331.

### AS AND FOR A FIRST CAUSE OF ACTION

5.    Plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6.    That sometime on or about January 2, 2007 the defendant sent a collection letter to the plaintiff in an attempt to collect an alleged debt incurred for personal purposes. A copy of said letter is attached hereto as Exhibit "1".

7.    That a copy of the aforesaid letter was mailed to plaintiff at his residence in Bronx County located in the City of New York.

8.    That defendant failed to allege in its letter that it is a licensed debt collector in the City of New York and defendant did not include any licensing information in its letter.

9.    That, upon information and belief, defendant was not licensed as a debt collector by the New York City Department of Consumer Affairs when it sent said collection letter to plaintiff on or about January 2, 2007, and defendant was therefore attempting to collect a debt in violation of New York City Administrative Code § 20-490. That such conduct on the part of defendant is unlawful.

10.    That defendant's said attempts to collect a debt are in violation of the FDCPA, including but not limited to § § 1692e(5) and 1692e(10).

-2-

## AS AND FOR A SECOND CAUSE OF ACTION

11.    That plaintiff re-alleges paragraphs 1-10 as if fully re-stated herein.

12.    That, following the sending of the aforesaid January 2, 2007 letter to plaintiff, plaintiff's attorney, Concetta Puglisi, Esq., sent a letter to defendant on or about March 12, 2007. A copy of this letter is attached as Exhibit "2". In the letter Ms. Puglisi advised defendant that she represented plaintiff and that plaintiff was disputing the debt defendant was attempting to collect. Ms. Puglisi also advised defendant in the letter that defendant should not contact plaintiff directly regarding this debt.

13.    That, notwithstanding this communication from plaintiff's attorney, defendant, on or about March 28, 2007, sent another collection letter to plaintiff at his residence in the Bronx. A copy of this letter is attached as Exhibit "3".

14.    That, said letter to plaintiff constitutes improper direct contact with plaintiff with full knowledge that he is represented by counsel in the matter and is in violation of the FDCPA, including but not limited to § § 1692c(a)(2) and 1692c(c).

15.    AS AND FOR A THIRD CAUSE OF ACTION

16.    Plaintiff re-alleges paragraphs 1-14 as if fully re-stated herein.

17.    That by reason of the defendant's aforesaid violations of the FDCPA the plaintiff suffered stress, anxiety and emotional distress.

## CLASS ALLEGATIONS

18.    That plaintiff re-alleges paragraphs 1-17 as if fully re-stated herein.

19.    That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect resided in the State of New York

-3-

and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about January 2, 2007; (b) the collection letter was sent to a consumer seeking payment of a consumer debt that was sold to a third party portfolio buying company; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. § § 1692e(5) and 1692e(10).

20.    That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)    Based on the fact that the collection letters that are the gravamen of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

(B)    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by unlawfully attempting to collect debts without a debt collection license from the New York City Department of Consumer Affairs, and by failing to send proper validation of debt notices to the class members.

(C)    The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D)    The claims of the plaintiff are typical of those of the class members. All are

-4-

based on the same facts and legal theories.

(E)     The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained experienced counsel. The plaintiff's interests are consistent with those of the members of the class.

21.     That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22.     That if the facts are discovered to be appropriate, the plaintiff will seek to certify a class action pursuant to rule 23(b)(3) of the Federal Rules of Civil Procedure.

23.     That communications from debt collectors, such as those sent by the defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

24.     That as a result of the above violations, defendant is liable to the plaintiff and the members of the class for statutory damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

25.     That defendant violated the FDCPA. Defendant's violations include, but are

not limited to:

(a)     unlawfully attempting to collect debts without a debt collection license from the New York City Department of Consumer Affairs in violation of the FDCPA, including but not limited to § § 1692e(5) and 1692e(10) ;

(b)     unlawfully contacting the plaintiff directly with full knowledge that plaintiff is represented by counsel and after being advised by said counsel not to call her client directly, in violation of the FDCPA, including but not limited to § § 1692c(a)(2) and 1692c(c);

(c)     causing plaintiff stress, anxiety and emotional distress by reason of the foregoing violations.

WHEREFORE, plaintiff respectfully prays that judgment be entered against the defendant as follows:

(a)     statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(b)     awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c)     reasonable attorney's fees, costs and disbursements pursuant to 15 U.S.C. § 1692k ; and

(d)     for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
       May 4, 2007.

NOVLETTE R. KIDD, ESQ. (NK2552)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 3302
New York, New York 10123
Telephone: (212)268-2128

-7-

# EXHIBIT "1"

# TOTAL CREDIT RECOVERY USA GROUP, INC.
## P.O. BOX 2304
## BUFFALO, NY
## 14240-2304
## Telephone 1-888-230-2217

**January 2, 2007**
**Our Acct. #: 5829268**

```
DWIGHT MONROE
APT 4D
18 METROPOLITAN OVAL
BRONX NY 10462
```

| | |
|---|---|
| **Creditor Name:** | American Express |
| **American Express Acct #:** | 371729232832001 |
| **Balance Due:** | $8839.60 |

Your account has been referred to us by American Express for collection. Your American Express account is past due. Please make your cheque or money order payable to Total Credit Recovery USA Group, Inc., and mail it to our office in the return envelope provided, or call our office to make other payment arrangements.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if one exists, and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.

Sincerely,

S. Simpson
Collections Department
1-888-230-2217

AMEXUS1

```
DWIGHT MONROE
APT 4D
18 METROPOLITAN OVAL
BRONX NY 10462
```

| | |
|---|---|
| **Our Account #** | 5829268 |
| **Balance Due** | $8839.60 |

*If you wish to pay this account by VISA or MasterCard, please enter your credit card information below:*
*You may fax this payment stub to 1-866-665-6553.*

☐ VISA
☐ MasterCard

VISA/MasterCard #: _____    Expiry Date: _____

| | | | | | | | | | | | | | | |
|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|

Cardholder
Name: _____

Cardholder
Signature: _____

```
TOTAL CREDIT RECOVERY USA GROUP, INC.
P.O. BOX 2304
BUFFALO, NY
14240-2304
```

EXHIBIT "2"

# FAGENSON & PUGLISI

## ATTORNEYS AT LAW

450 SEVENTH AVENUE
SUITE 3302
NEW YORK, NEW YORK 10123

LAWRENCE M. FAGENSON
CONCETTA PUGLISI
———————
NOVLETTE R. KIDD

TELEPHONE: (212) 268-2128
FAX: (212) 268-2127

March 12, 2007

Total Credit Recovery USA Group, Inc.
PO Box 2304
Buffalo, NY 14240

Re: Dwight Monroe
Creditor Name: American Express
American Express Acct. #: 371729232832001
Your Acct. #: 5829268

Dear Sir/Madam:

Please be advised that Fagenson & Puglisi represents Dwight Monroe. Mr. Monroe disputes the debt you are attempting to collect.

Please provide this office with documentation supporting your claim. Do not contact our client directly. Delete or correct any negative entry which you may be reporting to the credit reporting agencies in accordance with the Fair Credit Reporting Act.

Please note that Fagenson & Puglisi is not authorized to accept Service of Process on behalf of any client.

Should you have any questions please contact the undersigned.

Very truly yours,
FAGENSON & PUGLISI

CONCETTA PUGLISI

CP/mp
cc: Dwight Monroe

**EXHIBIT "3"**

# TOTAL CREDIT RECOVERY USA GROUP, INC.
## P.O. BOX 2304
## BUFFALO, NY
## 14240-2304
### Telephone 1-888-230-2217

New York City Department of Consumer Affairs License Number: 1063075

**March 28, 2007**

**Our Acct. #: 5829268**

DWIGHT MONROE
18 METROPOLITAN OVAL
APT 4D
BRONX NY 10462

| | |
|---|---|
| **Creditor Name:** | American Express |
| **American Express Acct #:** | 371729232832001 |
| **Balance Due:** | $8156.19 |

This letter is with regard to your American Express account that has been placed with us for collections. Your account has been reviewed once again and we are prepared to discuss options on your account.

Please contact our office within 15 days from receipt of this letter, and a representative will explain and review various options with you.

This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.

Please retain this for your personal records, as a duplicate will not be issued.

Sincerely,

Ron Hutchinson
Collections Department
1-888-230-2217
TOTAL CREDIT RECOVERY USA GROUP, INC.

---

AMEXUS3-NYC

DWIGHT MONROE
18 METROPOLITAN OVAL
APT 4D
BRONX NY 10462

**Our Account #**                5829268

**Balance Due**                  $8156.19

*If you wish to pay this account by VISA or MasterCard, please enter your credit card information below:*
*You may fax this payment stub to 1-866-665-6553.*

☐ VISA

☐ MasterCard

VISA/MasterCard #:          Expiry Date:

Cardholder Name:

Cardholder Signature:

TOTAL CREDIT RECOVERY USA GROUP, INC.
P.O. BOX 2304
BUFFALO, NY
14240-2304